1  JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
2  MEREDITH L. FLAX, Assistant Section Chief
3  DAVIS A. BACKER, Trial Attorney (CO Bar No. 53502)
United States Department of Justice
4  Environment & Natural Resources Division
Wildlife & Marine Resources Section
5  Ben Franklin Station
P.O. Box 7611
6  Washington, DC 20044-7611
7  Tel: (202) 514-5243
Fax: (202) 305-0275
8  Email: davis.backer@usdoj.gov

9
*Attorneys for Defendants*
10

11                    UNITED STATES DISTRICT COURT
12            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         OAKLAND DIVISION
13

14  CENTER FOR BIOLOGICAL DIVERSITY,    )    No. 4:19-cv-02843-PJH
15  et al.,                             )
                                        )
16          Plaintiffs,                 )   **STIPULATED SETTLEMENT**
17                                      )      **AGREEMENT AND**
         v.                             )     **[PROPOSED] ORDER**
18                                      )
19  DAVID BERNHARDT, in his official    )
    capacity as Secretary of the United )
20  States Department of the Interior, et al., )
21                                      )
            Defendants.                 )
22  _____ )

23

24       This Stipulated Settlement Agreement ("Agreement") is entered into by and between the

25  Center for Biological Diversity ("Center") and San Francisco Baykeeper ("collectively,

26  "Plaintiffs") and David Bernhardt, in his official capacity as Secretary of the United States

27  Department of the Interior, and Aurelia Skipwith, in her official capacity as Director of the U.S.
28

1   Fish and Wildlife Service ("FWS"), (collectively "Defendants") who, by and through their

2   undersigned counsel, state as follows:

3       WHEREAS, petitions to list the marron bacora (*Solanum conocarpum*), and the Puerto

4   Rico harlequin butterfly (*Atlantea tulita*) as threatened or endangered under the Endangered

5   Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq*., were submitted to the Service on November 21,

6
7   1996 and February 25, 2009, respectively;

8       WHEREAS, on February 15, 2011, the FWS published a positive 12-month finding for

9   the marron bacora, finding that listing the marron bacora was warranted, but precluded by other
10
11  higher-priority actions. 76 Fed. Reg. 9,722.

12      WHEREAS, on May 31, 2011, the FWS published a positive 12-month finding for the

13  Puerto Rico harlequin butterfly, finding that listing was warranted, but precluded by other higher

14  priority actions. 76 Fed. Reg. 31,282.

15      WHEREAS, on December 2, 2016, the FWS published a Candidate Notice of Review

16  ("CNOR") including warranted-but-precluded findings for several candidate species including

17
18  the marron bacora and the Puerto Rico harlequin butterfly, 81 Fed. Reg. 87,246;

19      WHEREAS, on January 15, 2019, the Center sent Defendants a letter stating its intent to

20  file suit challenging FWS's expeditious progress to issue findings for nine candidate species and

21
22  to compel FWS to issue resubmitted petition findings for nine candidate species, including the

23  marron bacora and the Puerto Rico harlequin butterfly pursuant to 16 U.S.C. § 1533(b)(3)(C)(i);

24      WHEREAS, on March 23, 2019, Plaintiffs filed the above-captioned action to compel

25  FWS to issue resubmitted petition findings for eight candidate species including the marron

26  bacora and the Puerto Rico harlequin butterfly, in addition to an updated CNOR;

27

28

Stip. Settlement Agreement and [Proposed] Order                    No. 4:19-cv-02843-PJH

1   WHEREAS, on October 10, 2019, Defendants published an updated CNOR in the Federal

2   Register. 84 Fed. Reg. 54,732.

3   WHEREAS, Defendants published 12-month findings under 16 U.S.C. § 1533(b)(3)(B)-

4   (C)(i) in the Federal Register for the Berry Cave salamander (*Gyrinophilus gulolineatus*), 84 Fed.

5   Reg. 53,336, and red tree vole (*Arborimus longicaudus*), 84 Fed. Reg. 69,707, on October 7, 2019

6   and December 19, 2019, respectively.

7   WHEREAS, on December 30, 2019, Defendants submitted 12-month findings under 16

8   U.S.C. § 1533(b)(3)(B)-(C)(i) for the Sierra Nevada red fox (*Vulpes vulpes necator*) and Hermes

9   copper butterfly (*Lycaena hermes*);

10   WHEREAS, the Parties, through their authorized representatives, and without any final

11   adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a

12   settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes

13   set forth in Plaintiffs' Complaint;

14   WHEREAS, the Parties agree that settlement of this action in this manner is in the public

15   interest and is an appropriate way to resolve Plaintiffs' Complaint;

16   NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

17   1.  No later than July 31, 2020, FWS shall review the status of the marron bacora and submit

18       a 12-month finding to the Federal Register for publication pursuant to the ESA, 16 U.S.C.

19       § 1533(b)(3)(B)-(C)(i);

20   2.  No later than August 31, 2020, FWS shall review the status of the Puerto Rico harlequin

21       butterfly and submit a 12-month finding to the Federal Register for publication pursuant

22       to the ESA, 16 U.S.C. § 1533(b)(3)(B)-(C)(i);

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, 2, and/or 3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

4. In the event that Defendants fail to meet the deadlines in Paragraphs 1 or 2 and have not sought to modify this Agreement, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. Plaintiffs reserve their right to request attorneys' fees and costs from Defendants pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g), and Defendants reserve their right to contest Plaintiffs' entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses that they may have to Plaintiffs' request. The parties agree to the following schedule for addressing attorneys' fees and costs:

a.    Within 30 days of the entry of the order by this Court approving this Agreement, the Center will provide to Defendants an itemization of the attorneys' fees and costs it seeks to recover to allow Defendants to assess whether settlement of such claims is possible.

b.    Within 60 days of Defendants' receipt of this itemization of the Center's proposed fees and costs, the parties will notify the Court whether they have reached a settlement as to the payment of the Center's attorneys' fees and costs by Defendants.

c.    If the parties have not reached agreement on attorneys' fees and costs at the time they provide this post-receipt notice to the Court, the Center may move within 30 days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of the Center's motion for attorneys' fees and costs and Defendants' opposition thereto will then proceed as provided in LCvR 7. In the event that the Center files such a motion, Defendants reserve the right to contest any entitlement to and/or the reasonableness of the amount of Plaintiffs' claimed attorneys' fees and costs, including hourly rates and the number of hours billed.

6.    The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 2 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees

and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

7.   This Agreement requires only that Defendants take the actions specified in Paragraphs 1 and 2. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraphs 1 and 2 of the Agreement. To challenge any final determination issued pursuant to Paragraphs 1 and 2 Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

8.   No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing 12-month findings for any petitioned species.

9.   Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly

provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10.     Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11.     The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12.     The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

13.    The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

14.    Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed without prejudice, except as dismissal relates to Plaintiffs' counts alleging violations of the ESA in connection with the marron bacora and the Puerto Rico harlequin butterfly, which shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  February 12, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Amy R. Atwood* | JEAN E. WILLIAMS, |
| AMY R. ATWOOD (OR Bar No. 060407) | Deputy Assistant Attorney General |
| Center for Biological Diversity | SETH M. BARSKY, |
| P.O. Box 11374 | Section Chief |
| Portland, OR 97211-0374 | MEREDITH L. FLAX, |
| Phone: 503-283-5474 | Assistant Section Chief |
| Email: atwood@biologicaldiversity.org | |
| | |
| JENNIFER L. LODA (CA Bar No. 284889) | */s/ Davis A. Backer* |
| Center for Biological Diversity | DAVIS A. BACKER |
| 1212 Broadway, Ste. 800 | Trial Attorney (CO Bar No. 53502) |
| Oakland, CA  94612 | United States Department of Justice |
| Phone: 510-844-7100 x336 | Environment & Natural Resources Division |
| Email: jloda@biologicaldiversity.org | Wildlife & Marine Resources Division |
| | Ben Franklin Station |
| *Attorneys for Plaintiffs* | P.O. Box 7611 |
| | Washington, D.C. 20044-7611 |
| | Tel: (202 514-5243 |
| | Fax: (202) 305-0275 |
| | Email: davis.backer@usdoj.gov |
| | |
| | *Attorneys for Defendants* |

1

**[PROPOSED] ORDER**

2

The Stipulated Settlement Agreement is approved and all Parties shall comply with its

3

provisions.

4

IT IS SO ORDERED.

5

6

Dated: _____, 2020          By: _____

7

                                         THE HONORABLE PHYLLIS J. HAMILTON
                                            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION OF CONCURRENCE**

In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that I obtained concurrence

in the filing for the signatures of all counsel indicated by a conformed signature ("/s/") within this

e-filed document.

> */s/ Davis A. Backer*
> DAVIS A. BACKER
> Trial Attorney (CO Bar No. 53502)
> United States Department of Justice
> Environment & Natural Resources Division
> Wildlife & Marine Resources Section
> Ben Franklin Station
> P.O. Box 7611
> Washington, DC 20044-7611
> Tel: (202) 514-5243
> Fax: (202) 305-0275
> E-mail: davis.backer@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I electronically filed the foregoing Stipulated

Settlement Agreement with the Clerk of the Court using the CM/ECF system, which will send

notification of this filing to the attorneys of record.

> */s/ Davis A. Backer*
> DAVIS A. BACKER
> Trial Attorney (CO Bar No. 53502)
> United States Department of Justice
> Environment & Natural Resources Division
> Wildlife & Marine Resources Section
> Ben Franklin Station
> P.O. Box 7611
> Washington, DC 20044-7611
> Tel: (202) 514-5243
> Fax: (202) 305-0275
> Email: davis.backer@usdoj.gov

Stip. Settlement Agreement and [Proposed] Order                        No. 4:19-cv-02843-PJH